IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Dale D. Woodson, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:21-cv-50244 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| 3M Company, | ) | |
| | ) | |
| *Defendant.* | ) | |

## **MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Plaintiff's motion to compel [30] is denied as to the requests for race-related information.

## **DISCUSSION**

Plaintiff brings claims of discrimination and retaliation based on disability under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and Article 2 of the Illinois Human Rights Act, and a claim for violation of the Family and Medical Leave Act ("FMLA"). Dkt. 1. Before the Court is Plaintiff Dale Woodson's motion to compel. Dkt. 30. On February 28, 2022, this Court held a hearing on Plaintiff's motion. After hearing arguments from both sides, this Court granted Plaintiff's motion in part and ordered Defendant 3M Company to provide: (1) documents in Plaintiff's supervisor's personnel file or elsewhere relating to discipline or complaints made by employees; (2) a list of individuals that applied for, received, or were rejected for FMLA during Plaintiff's 3.5 years of employment with Defendant; and (3) documents regarding discipline of those individuals that applied for, received, or were rejected for FMLA leave during Plaintiff's employment with Defendant.

Plaintiff also requested the racial makeup of the individuals that applied for, received, or were rejected for FMLA during his employment and the racial makeup of all the warehouse workers at the facility where he worked. This Court entered and continued that portion of the motion and ordered the parties to provide additional briefing on Plaintiff's request for race information. The parties have now provided the Court with their supplemental briefs. Dkts. 36-37.

Defendant argues that Plaintiff's request for race information should be denied because, despite alleging racial discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), he did not plead a racial discrimination claim in his complaint. Accordingly, Defendant contends that Plaintiff's request for race-related information is "irrelevant discovery [ ] that has no bearing on a pled claim or applicable defense." Def.'s Br. at 2, Dkt. 36. This Court agrees.

1

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "A party seeking such discovery should point to something that demonstrates that the requested documents are both relevant and proportional to the needs of the case, as Rule 26 dictates." *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *4 (N.D. Ill. Nov. 15, 2017); *see also Autotech Techs. Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 440 (N.D. Ill. 2006) ("The initial inquiry in enforcement of any discovery request is one of relevance.").

Defendant describes Plaintiff's requests for race-related information as an attempt to use the current litigation as a fishing expedition for discovery on an anticipated race discrimination claim. This Court does not agree that Plaintiff's targeted discovery requesting race information is akin to a fishing expedition. However, Plaintiff admits that this discovery is being "explored to determine if an amended complaint is deemed necessary." Pl.'s Mt. at 4, Dkt. 30. Yet, as stated above, discovery is limited to matters relevant to the actual claims and defenses in the action. *See* Fed. R. Civ. P. 26(b)(1); *Motorola Sols., Inc. v. Hytera Commc'n Corp.*, 365 F.Supp.3d 916, 924 (N.D. Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter."). Although discovery that is relevant to a party's claim may "support amendment of the pleadings to add a new claim," parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26, advisory committee notes to 2000 and 2015 amendments. Accordingly, Plaintiff's requests for information necessary to investigate a potential race discrimination claim are beyond the scope of discovery allowed under Rule 26. *See BankDirect Cap. Fin., LLC*, *v. Cap. Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. Feb. 20, 2018) ("While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints.") (internal citations omitted). Therefore, Plaintiff's motion to compel [30] is denied as to the requests for race-related information.

If Plaintiff wishes to pursue his requests for race related discovery, he must point to some allegation in the complaint that makes those requests relevant. As the complaint currently stands, there are no such allegations. Under Rule 11, Plaintiff may seek to amend his complaint to identify and assert factual contentions he believes "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). While Plaintiff cannot plead a racial discrimination claim solely in the hopes of seeking discovery to support the claim, this does not appear to be the case here. *See Watanabe v. Loyola Univ. of Chicago*, 99 C 4820, 2001 WL 845470, at *4 (N.D. Ill. July 24, 2001) ("Although discovery may yield information that would permit plaintiff to amend her complaint to add a count for conspiracy, she may not plead a claim without any basis in fact in the hope of discovering evidence."). Plaintiff alleged racial discrimination in the IDHR and the EEOC, but ultimately decided not to include such a claim in the instant complaint. However, Plaintiff asserts that during discovery on other matters, he discovered information that his supervisor, the alleged harasser, made racial statements about African American employees. Pl.'s Br. at 2, Dkt. 37. Accordingly, if Plaintiff can plead a racial discrimination claim consistent with counsel's obligations under Rule 11, he would then be able to request discovery related to that claim. *See Downing v. Abbott Laboratories*, 15 C 05921, 2017

2

WL 4535973, at *5 (N.D. Ill. Oct. 11, 2017) ("[A]mending a complaint may be necessary not only to add parties or claims, but also for purposes of discovery.").[1]

Defendant argues that any request to amend the complaint to add such a claim would be futile because more than 90 days has passed since Plaintiff received the IDHR and the EEOC's notice of the right to sue, and such a claim does not otherwise relate back to the complaint. Plaintiff insists that any amendment would in fact relate back, but argues that relation back aside, he would still be able to add a claim for racial discrimination under 42 U.S.C. § 1981, which is not restricted by the same 90-day limitations period.[2] This may well be the case, but that determination is not ripe as no motion for leave to amend has been made, and this Court declines to give an advisory opinion on this matter.

Date: March 21, 2022          By: *Lisa A. Jensen*
                                  Lisa A. Jensen
                                  United States Magistrate Judge

---

[1] The Court, notes, however, that any motion for leave to file an amended complaint must address good cause under Rule 16(b)(4) because the deadline for amended pleadings passed on January 28, 2022. Dkt. 14; *see Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (finding that when a motion for leave to amend is filed after the deadline, "the court is entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied.") (internal quotation marks and citation omitted). Although the parties recently requested, and were granted, an extension of the fact discovery deadline, neither party moved to extend the deadline to amend pleadings. *See* Dkt. 35.

[2] *See Pruitt v. City of Chi.*, 472 F.3d 925, 927 (7th Cir. 2006) (stating that discrete employment actions are subject to a four-year statute of limitations for § 1981 claims in Illinois); *see also Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 269 (7th Cir. 2004) (stating that a two-year limitations period applies to § 1981 claims which involve the making or enforcement of contracts as opposed to claims premised on conduct which took place after the formation of an employment contract).