IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DALE D. WOODSON, | ) |
|     Plaintiff, | ) Case No. 3:21-cv-50244 |
| v. | ) Hon. Iain D. Johnston |
| 3M COMPANY, | ) Magistrate Judge Lisa A. Jensen |
|     Defendant. | ) |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Dale D. Woodson ("Woodson" or "Plaintiff"), by his attorneys, Thomas D. Rosenwein of Rosenwein Law Group, Adam Goodman and Shu-Yu Lin of Goodman Tovrov Hardy & Johnson LLC, for his Motion for Leave to File Amended Complaint against the 3M Company ("3M" or "Defendant") pursuant to Rule 15 of the Federal Rules of Civil Procedure, states as follows.

1. Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading with ... the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P 15(a)(2). See, generally, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating, "this mandate is to be heeded.")

2. The Seventh Circuit has endorsed the rationale underlying Rule 15 in *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 520 (7th Cir. 2015):

> The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading. Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. The better practice is to allow

at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim. (5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed.) at 687, quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

3. Plaintiff submits that allowing him to file the Amended Complaint (attached hereto as Exhibit A), would serve justice and promote judicial efficiency. In addition, there would be no substantial or undue prejudice, bad faith, undue delay, or futility in allowing the Amended Complaint to be filed, as more fully discussed below.

4. As this Court is aware from the additional briefing ordered by this Court on Plaintiff's Motion to Compel, by his Amended Complaint Plaintiff now seeks to add counts based on conduct and practices recently uncovered by Plaintiff during discovery as shown in Defendant's own documents produced, which conduct and practices support claims for race discrimination and retaliation. The new race discrimination and retaliation claims are asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., for violation of 42 U.S.C. §1981, and the Illinois Human Rights Act.

5. When Plaintiff filed his original Complaint, his counsel did not then know whether there was sufficient evidence to sustain race-related claims. Such claims were asserted in Plaintiff's charge with the Illinois Department of Human Rights charge (No. 2020CF2531), which under the work-sharing agreement with the EEOC, was also cross-filed with the EEOC (21BAO1443), which included asserting discrimination based on race ("Plaintiff's charge").

6. Specifically, Plaintiff alleged in his Charge:

"I am African-American. I worked at 3M for three years and four months. When Adeel Khan (not African-American) became my supervisor, he used racially charged language, for example calling me "Mr. Bling Bling" and constantly putting his hands on me as if I am some piece of property to be touched and prodded. He also constantly yelled at me. He did not engage in this conduct with employees who were not African-American but of

different races. He also wrote me up and suspended me for alleged violations that I did not engage in. My supervisor wrote me up and imposed suspensions on me in May 2018, October 2018, February 2019, May 2019 and August 2019. I was terminated from employment on September 9, 2019 upon my return from FMLA leave." (Ex. B)

7. Accordingly, there is no surprise regarding the Amended Complaint as 3M was the Respondent to Plaintiff's Charge before both the IDHR and EEOC, with the name-calling, touching and imposition of unwarranted discipline referenced in the original Complaint.

8. Moreover, Defendant was aware of Plaintiff's concerns with racial discrimination based upon the extended L.R 37.2 discussions intended to resolve discovery disputes, arising from the objections raised in Defendant's formal Responses to Plaintiff's Requests, served on December 6, 2021 ("Response").

9. By that Response, Defendant objected and refused to produce documents with respect to ten (10) request categories, including the race of warehouse operators.

10. Thereafter, the parties engage in good faith L.R. 37.2 discussions on January 6 and 26, 2022, and exchanged emails on the matter over February 14 - 16, 2022.

11. In the interim, Plaintiff's counsel reviewed the 1,764 pages that were produced by Defendant and found two documents that indicated that Plaintiff's supervisor harbored racial stereotypes and was likely motivated at least in part to take actions against Plaintiff based on such motivations.

12. When the L.R. 37.2 discussions reached an impasse, Plaintiff filed his Motion to Compel on February 22, 2022, citing in part the newly revealed documents regarding Plaintiff's supervisor.

13. On March 21, 2022, this Court granted in part and denied in part Plaintiff's Motion to Compel.

14. In this Court's Memorandum Opinion and Order of March 21, 2022 (Dkt.#38, "Opinion"), this Court noted that Rule 26 generally limits discovery to claims or defenses identified in the pleadings, and therefore denied Plaintiff's requests for race-related information.

15. However, in its Opinion, this Court also stated that "if Plaintiff can plead a racial discrimination claim consistent with counsel's obligations under Rule 11, he would then be able to request discover related to that claim," citing *Downing v. Abbot Laboratories*, 15 C 05921, 2017 WL 4535973, at *5 (N.D. Ill., Oct. 11, 2017).

16. Consistent with Fed.R.Civ.P.11(b)(1)(2)(3), Plaintiff's counsel represents that the Amended Complaint is not presented for an improper purpose, the new claims are warranted by existing law or nonfrivolous argument for extending, and that the factual contentions have evidentiary support and will likely have further evidentiary support after a reasonable opportunity for further discovery.

17. In its Opinion, this Court also cited, in footnote 1, Fed.R.Civ.P 16's requirement to show "good cause" because the deadline earlier set for filing amend pleadings passed on January 28, 2022.

18. Plaintiff submits that good cause for allowing the filing of the Amended Complaint is shown here, as:

   a. Plaintiff had to review 1,764 pages of documents produced by Defendant on December 6, 2021 in order to discover supportive material for race-based claims;

   b. Plaintiff was also faced with multiple objections to the production of documents in addition to those related to race;

4

  c. Plaintiff and Defendant conferred in good faith over an extended period in an attempt to resolve the objections in an effort to avoid the necessity of motion pleading, ultimately unsuccessful in avoiding that necessity;

  d. There is no trial date set in this matter, nor dates for filing dispositive motions;

  e. Discovery has not closed and was extended to and including April 29, 2022; and

  f. No depositions have taken place as yet, and Defendant's counsel has sufficient time to prepare with regard to Mr. Woodson's deposition, which is currently set for March 30, 2022.

19. In the case cited in footnote one in this Court's Opinion, *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016), denial of a motion for leave to amend was upheld where the plaintiff delayed for almost one year after receiving notice that he had sued with regard to the wrong photograph (from April 2013 to March 2014). In addition, plaintiff's motion to amend was filed four weeks prior to the dispositive motions deadlines. Neither of those factors are present here. Rather, here, Plaintiff had to sort through 1,764 pages of documents produced in December 2021 and engaged in good faith efforts over two months to resolve discovery differences before raising this matter with the Court. No date for filing dispositive motions has been set.

20. As this Court is aware from the additional pleading filed with regard to Plaintiff's Motion to Compel (Dkt.#37), there is no futility in allowing the Amended Complaint to be filed. This issue is governed by Fed.R.Civ. P. 15(c)(1)(B) which provides:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
>     \*   \*   \*
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading ...

21. In *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402 (7th Cir.1989), aff'd 494 U.S. 820 (1990), plaintiff's amended Title VII claim was held to relate back to his original complaint alleging sex discrimination pursuant to Illinois state law, where the plaintiff's original complaint was filed within the required ninety days. In support of its holding, the Seventh Circuit stated:

> Contrary to defendant's assertion, the same substantive legal theory need not be alleged in both complaints; rather the claims need only arise out of the same "conduct, transaction or occurrence." Because the Title VII and IHRA claims are based upon identical facts and circumstances, plaintiff's amended complaint clearly relates back to the date of the original complaint. (*Id*., at 410)

22. Accord, *Henderson v. Officer Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001):

> The district court found that the Section 1983 claims arose out of the same conduct (the arrest and prosecution) as the state tort law claims, and we agree. Generally, an amended complaint in which the plaintiff merely adds legal conclusions or changes the theory of recovery will relate back to the filing of the original complaint if "the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading." (citing, *inter alia, Donnelly v. Yellow Freight System, Inc*., supra).

23. See, also, in this District, *In re Carmell*, 424 B.R. 401, 413-14 (Bankr. N.D. Ill. 2010, J. Schmetterer) ("Rather, the amended complaint should be deemed timely if a sufficient factual nexus exists between the original and amended complaints such that the original pleading gives fair notice of the factual situation from which the amended pleading arises.").

24. Similarly, here, Plaintiff's Amended Complaint adds counts for Title VII and IHRA race discrimination with supplementary facts that include those based on and already contained in the original Complaint. Those existing facts include original Complaint, ¶5 (identifying Plaintiff as "an African American citizen of Illinois"), ¶13 (supervisor acting on bias "concocted false allegations" in an effort to "harass Woodson so as to cause him to quit or be fired"), and ¶14

(supervisor mocking Woodson by calling him "Mr. Bling Bling" and repeatedly touching him without consent).

25. The Amended Complaint adds new counts that arise from the same "conduct, transaction or occurrence" as alleged in the original Complaint, *i.e.*, the harassment and termination of Plaintiff.

26. 3M was forewarned, provided fair notice, and suffers no prejudice as it was aware from Plaintiff's earlier IDHR/EEOC filing that race discrimination was at least a potential issue. As shown, there is an existing factual nexus between the original complaint and the prospective amended complaint that justifies the granting of this motion pursuant to Fed.R.Civ.P 15 and 16.

27. With regard to the race discrimination claim alleged in the Amended Complaint under 42 USC §1981, that claim also is not futile as no EEOC or related state agency pre-suit filing is required. The statute of limitations for a §1981 claim, based on Plaintiff's treatment while an employee and resulting in the discrete act of his discharge, is four (4) years. *Pruitt v. City of Chi.*, 472 F.3d 925, 927 (7th Cir. 2006); *Campbell v. Forest Pres. Dist. of Cook Cty., Ill.*, 752 F.3d 665, 667–68 (7th Cir. 2014) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83 (2004).

28. As the claim was triggered upon Plaintiff's termination (September 9, 2019, see, original Complaint, ¶18, and Amended Complaint, ¶20), Plaintiff is well within the time to seek leave to file an amended complaint for race discrimination under §1981.

**WHEREFORE,** Plaintiff Dale D. Woodson respectfully requests that this Court grant leave to file his Amended Complaint.

> Respectfully submitted,
> Plaintiff, Dale D. Woodson
>
> By: */s/ Thomas D. Rosenwein*
> Thomas D. Rosenwein

Thomas D. Rosenwein
Rosenwein Law Group
105 W. Madison St., Suite 1500
Chicago, Illinois 60602
(312) 792-1957
E-Mail: trosenwein@rlawgrp.com
ARDC No. 2391597

Adam Goodman
Goodman Tovrov Hardy & Johnson LLC
105 W. Madison St., Suite 1500
Chicago, Illinois 60602
(312) 238-9592
E-Mail: agoodman@goodtov.com
ARDC No. 6229333

Shu-Yu Lin
Goodman Tovrov Hardy & Johnson LLC
105 W. Madison St., Suite 1500
Chicago, Illinois 6062
(312) 878-4802
E-Mail: shuyulin@goodtov.com
NYSOCA No. 5782388

## **CERTIFICATE OF SERVICE**

    I hereby certify that I caused a copy of Plaintiff's Additional Brief in Support of his Motion to Compel Production of Documents to be served by e-mail pursuant to the provisions of Fed.R.Civ.P. 5(b)(3) on March 24, 2022:

Shanthi V. Gaur, Esq.
Matthew J. Ruza, Esq.
Littler Mendelson, P.C.
321 North Clark St., Suite 1100
Chicago, IL 60654
E-Mail: sgaur@littler.com
E-Mail: mruza@littler.com

                                                  /s/ *Thomas D. Rosenwein*