IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Dale D. Woodson, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:21-cv-50244 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| 3M Company, ) | |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a motion for leave to amend his complaint, Dkt. 39. For the following reasons, the motion for leave to amend is granted.

**I. BACKGROUND**

In the initial complaint, Plaintiff alleges that he has suffered for many years from a permanent condition known as hidradenitis suppurativa, which is a painful, chronic skin disease. Pl.'s Compl. at 3, Dkt. 1. He alleges that, although it is generally tolerable, he does experience periodic flareups which require him to be medicated and inactive for one to two days at a time to allow for treatment and subsidence of symptoms. Plaintiff asserts that he was hired by Defendant in May of 2016, and that he advised Defendant's human resources administration of his disability and need for time off when flareups occur. He alleges that it took a year before Defendant ultimately afforded him intermittent leave two days per month if needed under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq*. Plaintiff alleges that there were multiple instances in which Defendant engaged in discriminatory and retaliatory conduct based on Plaintiff's disability and utilization of FMLA leave, ultimately resulting in the termination of his employment in September 2019. *Id*. at 1-12.

Prior to filing his complaint, Plaintiff timely filed a charge with the Illinois Department of Human Rights ("IDHR") on March 28, 2020, which was also cross-filed with the Equal Employment Opportunity Commission ("EEOC"), asserting "discrimination based on disability, retaliation, and race." Pl.'s Compl. at 2, Dkt. 1. He received letters from the IDHR and EEOC allowing him to initiate litigation on these issues on March 22, 2021, and June 7, 2021, respectively. *Id*. Plaintiff filed the instant lawsuit in June 2021, which was within the statutory 90-day timeframe. *See* 42 U.S.C. § 2000e-5(f)(1); 775 ILCS 5/7A-102. The Complaint sets out six claims: (1) disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq*.; (2) retaliation discrimination under the ADA; (3) violation of the FMLA; (4) violation of the Rehabilitation Act of 1973, 29 U.S.C. §701, *et seq*.; (5) disability discrimination

1

under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-101, *et seq.*; and (6) retaliation discrimination under the IHRA.

In August 2021, the Court adopted the parties' proposed case management order, which included an amended pleadings deadline of January 28, 2022, and a fact discovery deadline of February 28, 2022. *See* Dkt. 14. On February 22, 2022, Plaintiff filed a motion to compel. *See* Dkt. 30. Plaintiff sought, among other things, certain race-related discovery in order to determine if an amended complaint would be deemed necessary. *Id*. at 4. The Court held a motion hearing on February 28, 2022, granting part of the motion and ordering the parties to submit additional briefing on the race-related discovery issue. *See* Dkt. 35. The Court also extended the fact discovery deadline to April 29, 2022. Both parties submitted additional briefing on March 7, 2022, and, on March 21, 2022, the Court denied Plaintiff's motion to compel with respect to the requested race-related information on the basis that discovery should be limited to matters relevant to the actual claims and defenses in the action, and Plaintiff's complaint lacked any claims related to race. *See* Dkt. 38.

Three days later, on March 24, 2022, Plaintiff filed the instant motion for leave to amend with the proposed amended complaint attached as an exhibit. *See* Dkt. 39. The proposed amended complaint seeks to add three claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., the IHRA, and 42 U.S.C. § 1981. Defendant filed its response in opposition to the motion on April 4, 2022, *see* Dkt. 44, and Plaintiff filed a reply on April 12, 2022, *see* Dkt. 45.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that, other than when a party amends its pleading as a matter of course, "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In light of the presumption in favor of giving plaintiffs at least one opportunity to amend, denying a plaintiff that opportunity carries a high risk of being deemed an abuse of discretion." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and N.W. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015) (internal citation omitted). While the rule reflects a liberal attitude towards the amendment of pleadings, courts, in their sound discretion, may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). However, when a scheduling order has been entered and the deadline to file amended pleadings has passed, the party seeking an amendment must first demonstrate good cause under Rule 16(b)(4) before Rule 15(a)'s more liberal standard for amendment applies. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In determining whether good cause exists, the court primarily considers the diligence of the party seeking to amend, but it is within the sound discretion of the court to grant or deny leave to amend. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

Plaintiff explains in his motion that, although he asserted race-related claims in his charge with the IDHR and EEOC, at the time he was filing his original complaint he did not know whether

there was sufficient evidence to sustain race-related claims. Pl.'s Mot. at 2, Dkt. 39. He now seeks to add counts based on conduct and practices recently uncovered during discovery which he claims support his allegations of race discrimination and retaliation. *Id*. Defendant opposes Plaintiff's motion to amend on three bases. The Court will address each of the contested issues below.

**Good cause**

As explained above, a motion for leave to amend is evaluated under Rule 15(a)(2), but when the motion is filed after the amended pleadings deadline, it first requires a determination of good cause under Rule 16(b)(4). *See Alioto*, 651 F.3d at 719. The Seventh Circuit has stated that, when "making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id*. at 720. "[A]mong the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case moving toward trial." *Id*. (internal quotations omitted).

Plaintiff submits that there is good cause to allow the filing of the proposed amended complaint consistent with Rule 16 because: there is no trial date or deadlines for dispositive motions and (at the time of the motion) discovery had not yet closed; Defendant delayed in responding to discovery; Defendant made multiple objections to his production requests including those related to race; the parties attempted in good faith to resolve the objections over an extended period of time but were ultimately unsuccessful; and he had to review the over 1,700 pages produced by Defendant in order to discover documents that form the basis for race-based claims. Pl.'s Mot. at 2, Dkt. 39; Pl.'s Reply at 8, Dkt. 45.

Consistent with Plaintiff's argument, this case is less than a year old and Plaintiff's motion was filed over a month before the fact discovery deadline. This is important given that courts often consider the posture of the case when making a good cause determination. *See Astellas Inst. for Regenerative Med. v. ImStem Biotechnology, Inc.*, No. 17-CV-12239-ADB, 2019 WL 9096049, at *2 (D. Mass. Aug. 21, 2019) (finding good cause for the amendment in part because the motion was brought before the close of discovery); *Harrington v. Lauer*, No. 1:11-CV-270, 2012 WL 868693, at *2 (N.D. Ind. Mar. 12, 2012) (same); *R3 Composites Corp. v. G&S Sales Corp.*, No. 116CV00387HABSLC, 2021 WL 613836, at *4 (N.D. Ind. Feb. 17, 2021) (declining to grant the amendment in part because discovery had been closed for over two years and dispositive motions had already been filed and ruled upon). As such, the posture of the case supports a finding of good cause.

In response to Plaintiff's argument that good cause exists due to Defendant's delayed responses and objections, Defendant asserts that it was justified in objecting to Plaintiff's race-related discovery requests, especially in light of this Court's acknowledgement that the original complaint did not plead any race-related allegations. Def.'s Resp. at 7, Dkt. 44. In the Court's view, Defendant does not adequately address Plaintiff's argument. According to a previous filing in this case, *see* Dkt. 25, Plaintiff served his first requests for production of documents on September 30, 2021 and Defendant served its answers on December 6, 2021. This is well beyond the time to respond set out in Rule 34. *See* Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served."). In other words, while it may be true that Defendant was justified in its objections, this does not mean that any

delay on Defendant's part was justified. Therefore, Defendant's delay in responding and objecting to Plaintiff's discovery requests supports a finding of good cause.

With respect to Plaintiff's argument that he had to sift through over 1,700 pages of documents Defendant produced, Defendant argues that Plaintiff could have brought his race discrimination claims well in advance of the amended pleading deadline or, at least, sought a motion for extension of time, and cites two cases in support. *Id*. at 7-8. As an initial matter, the two cases Defendant cites do not support its argument. In those cases, the Seventh Circuit affirmed denials of motions to amend because the plaintiffs had been aware of the facts underlying its proposed additional claims for *well over a year*. *See Trustmark Ins. Co.*, 424 F.3d at 553; *Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996). Here, however, Plaintiff received the 1,700 pages of discovery on December 6, 2021, and filed the motion to amend on March 24, 2022; a three-and-a-half-month delay is not comparable to the significant delay discussed in the cases above. Moreover, having considered the procedural history and facts of the case, the Court finds there is good cause to grant leave to amend for several additional reasons.

First, Plaintiff exercised due diligence by delaying the addition of his race-related claims until he could determine the propriety of raising such claims consistent with Rule 11. *See* Fed. R. Civ. P 11(b)(2) (obligating counsel to ensure that a complaint's "factual contentions have evidentiary support . . . [or] will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."). In his motion to compel, Plaintiff explained that he was seeking further discovery to determine the propriety of amending his complaint to add race-related claims.[1] *See* Dkt. 30. The Court ruled that it would not allow discovery on race-related claims without relevant allegations, and Plaintiff promptly filed the instant motion to amend just three days later. Courts across the country find that a party's delay in seeking leave to amend is considered reasonably diligent when it is for the purpose of ensuring there is sufficient evidence to justify the amendment. *See Patrick v. Cowen*, No. 3:14-CV-782-RLM-CAN, 2015 WL 13668669, at *2 (N.D. Ind. Mar. 26, 2015) (counsel's efforts to determine the propriety of raising an FMLA claim constituted due diligence, demonstrating good cause under Rule 16 to file a motion for leave to amend 60 days after the amended pleadings deadline); *Ceballos v. Contra Costa Cty.*, No. C 13-04584 LB, 2014 WL 2582541, at *3 (N.D. Cal. June 9, 2014) (counsel's "conservative

---

[1] Part of Defendant's argument is that Plaintiff first alleged race discrimination in his Charge of Discrimination filed with the EEOC and IDHR, so he clearly knew of the facts relating to race discrimination well before filing his motion to amend. Def.'s Resp. at 9, Dkt. 44. However, it is common knowledge that the pleading standard for an EEOC or IHDR charge is much lower than the standard for a civil complaint. *See Macchia v. Loyola Univ. Med. Ctr.*, No. 04 C 5049, 2004 WL 2392201, at *4 (N.D. Ill. Oct. 25, 2004) (compared to a civil complaint, a more liberal pleading standard is applied to allegations in an EEOC charge "because laypersons draft them, frequently without the assistance of an attorney"); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1103 (9th Cir. 2002) ("[C]omplainants filing discrimination charges are acting as laypersons and should not be held to the higher standard of legal pleading by which we would review a civil complaint."); *Arnold v. City & Cnty. of Denver*, No. 14-CV-00290-REB-CBS, 2015 WL 509489, at *1 (D. Colo. Feb. 4, 2015) (explaining that the EEOC applies a "reasonable cause to believe" standard of review, which is a standard of proof different than what is applicable in a civil case); *VanHorn v. U.S. Gov't Contracted Hana Grp., Inc.*, No. CIV. 12-00215 LEK, 2013 WL 495274, at *4 (D. Haw. Feb. 7, 2013) (EEOC charges are made by those "unschooled in the technicalities of formal pleading"). As such, it was appropriate for Plaintiff's counsel to verify that the race-related claims were consistent with the higher pleading standards before seeking to amend.

approach" of waiting until he could receive and review certain discovery before seeking leave to amend constituted reasonable diligence); *Pac. Sci. Energetic Materials Co. (Arizona) LLC v. Ensign-Bickford Aerospace & Def. Co.*, 281 F.R.D. 358, 362 (D. Ariz. 2012) (defendant's reason for delay in seeking to add a counterclaim – its concern that doing so would not be consistent with Rule 11 – satisfied the good cause standard of Rule 16); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (no "unjust delay" when plaintiffs "waited [to move to amend] until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct"); *see also Weisheit v. Rosenberg & Assocs., LLC*, No. CV JKB-17-0823, 2018 WL 1942196, at *3-4 (D. Md. Apr. 25, 2018) (some delay in moving to amend resulting from taking time to weigh the implications of amending a complaint does not necessarily undermine a finding of diligence). As such, the reason for Plaintiff's delay supports a finding of diligence.

Second, Plaintiff was diligent by putting Defendant and the Court on notice about his intention to amend the complaint. In his motion to compel filed in February 2022, Plaintiff specifically stated that he was seeking race-related discovery in order to "determine if an amended complaint is deemed necessary." Dkt. 30 at 4. Courts often find that being transparent about the intent to seek leave to amend supports a finding of diligence and good cause. *See Design Basics, LLC v. Precision Homes, Inc.*, No. 2:16-CV-179-PPS-JEM, 2018 WL 672150, at *2 (N.D. Ind. Feb. 2, 2018) ("[Plaintiffs] were diligent in seeking the discovery responses they required and were forthright with Defendant as to why. In light of that diligence . . . the Court finds that good cause exists to allow the late request to amend."); *Tardif v. City of New York*, No. 13-CV-4056(KMW)(FM), 2016 WL 2343861, *5 (S.D.N.Y. May 3, 2016) (plaintiff failed to demonstrate diligence for the purposes of Rule 16 in part because of her failure to apprise the court of her plans to amend); *Ceballos*, 2014 WL 2582541, at *3 (plaintiff's efforts constituted "reasonable diligence" in part because he was transparent about his intent to seek leave to amend); *Perkins v. Fed. Fruit & Produce Co.*, No. 11-CV-00542-REB-KLM, 2011 WL 3820751, at *3 (D. Colo. Aug. 29, 2011) (defendants were diligent in part because they informed the court and opposing party that they intended to amend their answer to reflect the defense for which they had belatedly sought discovery). This weighs in favor of finding that Plaintiff acted diligently.

Finally, there is good cause to grant Plaintiff's motion for leave to amend because Plaintiff would be entitled to raise, at minimum, the proposed § 1981 claim in parallel litigation. In other words, denying leave to amend could unnecessarily exhaust judicial resources, cause duplicative filings and efforts on behalf of the parties, and ultimately end in consolidation. *See Patrick*, 2015 WL 13668669, at *2 ("[Plaintiff] would be entitled to raise the FMLA claim in parallel litigation, if not added here, creating the risk of added costs to the parties and the Court due to duplicative efforts."); *Russell v. Swick Mining Servs. USA Inc.*, No. CV-16-02887-PHX-JJT, 2017 WL 1365081, at *3 (D. Ariz. Apr. 14, 2017) ("[F]orcing the filing of a second, partially parallel action would not only be wasteful to the parties, but would unnecessarily exhaust judicial resources, cause duplicative filings and efforts, and may be subject to consolidation."). The Court finds that this supports a finding of good cause.

**Undue prejudice**

Defendant argues that allowing Plaintiff's amended complaint would be unduly prejudicial because of the need to conduct additional discovery on Plaintiff's new race-related claims,

5

incurring additional time and expense and delaying the overall progress of litigation. Defendant cites to three cases in support of its argument. *Id*. at 9-10. Plaintiff argues that none of the "extreme facts" present in the cases cited by Defendant are present here and, as such, an extension of the discovery deadline will not be unduly prejudicial. Pl.'s Reply at 8-9, Dkt. 45. Plaintiff also argues that, regardless of the ruling on this motion, additional discovery will be necessary.

Plaintiff is correct that the three cases Defendant cites are vastly different from the facts of this case and, therefore, do not adequately support Defendant's position. In *Philpot v. City of Rockford*, No. 06 C 50111, 2011 U.S. Dist. LEXIS 116985 (N.D. Ill. Oct. 11, 2011), the court denied the plaintiff's motion to amend on the basis that there "clearly [had] been undue delay." *Id*. at *3. More specifically, Plaintiff learned of the facts underlying the claim he sought to add nearly four years prior to moving to amend and the fact discovery cutoff date had passed over a year ago. Here, Plaintiff learned of the facts underlying the new claims sometime within the three to four months prior to moving to amend. When he filed his motion, the fact discovery cutoff date was still over a month away. Given these facts, the Court finds that this case does not support Defendant's argument.

In *Jones v. GES Exposition Servs.*, No. 02 C 6243, 2004 U.S. Dist. LEXIS 17981 (N.D. Ill. Sep. 3, 2004), the court denied the plaintiff's motion to amend his complaint in order to add 15 claims against seven new defendants. The court reasoned that the plaintiff had known of the grounds for the claims for years but offered no reasons to justify his delay, and it would have been prejudicial to the defendants because the long time period at issue and substantial number of proposed new defendants would make additional discovery time-consuming and expensive. *Id*. at 21-22. Similar to the court in *Jones*, the court in *In re Ameritech Corp.*, 188 F.R.D. 280 (N.D. Ill. 1999), denied the defendant's motion to file a second amended counterclaim because the defendant did not have an adequate justification and because the new class allegations would entail complex discovery. In this case, the Court has already found that Plaintiff did not unjustifiably delay bringing his amended complaint (as explained above) and, unlike the parties in *Jones* and *Ameritech*, he is seeking to add just three claims, all related to race discrimination. Being required to defend against new allegations made in amended pleadings does not, by itself, constitute undue prejudice. *See Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018) ("[B]eing required to defend against new allegations made in pleadings is not the sort of prejudice that is undue in the context of amended pleadings. . . If such prejudice were considered undue, then amended pleadings would rarely be permissible."); *see also Tricarico v. Marion Gen. Hosp. Inc.*, No. 120CV00092WCLSLC, 2020 WL 6375686, at *3 (N.D. Ind. Oct. 30, 2020). As the Seventh Circuit has explained:

> Defense of a new claim obviously will require additional rounds of discovery, in all probability interview of new witnesses, gathering of further evidence, and the identification of appropriate legal arguments. All this necessarily takes time. The parties must have an opportunity for preparation if trial is to be meaningful and clear. Some delay of trial therefore is inevitable – a natural consequence of allowing claims to be brought at all. In this sense, delay alone is not a sufficient basis for refusing an amendment.

*Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir. 1988). As a result, the Court concludes that Defendant will suffer limited, if any, prejudice from the Court allowing Plaintiff to file his first amended complaint.

**Futility**

Defendant argues that Plaintiff's motion to amend should be denied because his Title VII and IHRA claims are untimely. Def.'s Resp. at 4, Dkt. 44. Defendant states that, although Plaintiff filed his original complaint within the statutory 90-day period, these two new claims do not relate back to the original complaint because there are no allegations of racial discrimination in the original complaint. *Id*. at 4-7; *see* Fed. R. Civ. P. 15(c)(1)(B). Plaintiff contends that his proposed Title VII and IHRA claims do relate back to the original complaint. Pl.'s Mot. at 5, Dkt. 39. He states that there is a sufficient factual nexus between the original complaint, which already contained certain facts related to racial discrimination, and the proposed amended complaint, which would add these two claims and supplementary facts. *Id*. at 6.

Defendant does not argue that the third claim Plaintiff seeks to add (the § 1981 claim) would be untimely. This is likely because § 1981 claims have a statute of limitations of four years and they are not subject to the same administrative limitations as the Title VII and IHRA claims. *See Smith v. Univ. of Chicago Med. Ctr.*, No. 20-CV-03536, 2021 WL 54026, at *4 (N.D. Ill. Jan. 6, 2021). In other words, Defendant does not argue that there is any futility issue with the § 1981 claim and, as such, Defendant's argument is only one of partial futility.

However, arguments of partial futility do not persuade this Court to deny the motion to amend. Many courts grant a motion to amend where the plaintiff has put forth some allegations that allow the proposed amendment to survive a motion to dismiss, even if other portions of it are futile. *See N. C. States Regl. Council of Carpenters Pension Fund v. DOW Acoustics, Inc.*, 20-CV-994-SLC, 2021 WL 5988541, at *2 (W.D. Wis. June 14, 2021) ("[T]he possibility – even likelihood – that defendant may prevail is not a reason to disallow part of the amended complaint as futile."); *Schenke v. Griffith*, 4:15-CV-75, 2016 WL 5852928, at *4 (N.D. Ind. Oct. 6, 2016) ("The court should grant the plaintiff's motion to amend if the plaintiff has put forth some allegations that allow the proposed amendment to survive a motion to dismiss, even if portions of the complaint are futile."); *Wilson v. Arpaio*, CV-14-01613-PHX-JAT, 2015 WL 3960879, at *3 (D. Ariz. June 30, 2015) ("Assuming that Defendants are correct that a portion of Plaintiff's claims are invalid, this would not justify rejecting the entire amendment. . . A motion to amend is not the juncture at which to present arguments of partial futility."); *see also Est. of Simpson v. Bartholomew County Jail*, 1:14-CV-01035-SEB, 2014 WL 5817319, at *3 (S.D. Ind. Nov. 7, 2014); *Outley v. Moir*, CV190019PHXJATJFM, 2021 WL 2228575, at *3 (D. Ariz. Feb. 8, 2021), report and recommendation adopted as modified, CV1900019PHXJATJFM, 2021 WL 2024926 (D. Ariz. May 21, 2021); *Cavanaugh ex rel. Cavanaugh v. Providence Health Plan*, 699 F. Supp. 2d 1209, 1232 (D. Or. 2010). Additionally, many courts consider it more prudent for a defendant who wishes to dismiss portions of an amended complaint to do so by filing a motion to dismiss or motion for summary judgment.[2] *See N. C. States*, 2021 WL 5988541, at *2; *Schenke*, 2016 WL

---

[2] Even courts considering futility arguments made in opposition to the *entire* proposed amended complaint find a motion to dismiss to be better suited to address those arguments. *See Complete Merchant Sols., LLC v. Fed. Trade Commn.*, 219CV00963HCNDAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020); *G.P.*

7

5852928, at *4; *Wilson*, 2015 WL 3960879, at *3. For these reasons, this Court concludes that Defendant's partial futility argument does not provide a basis for denying Plaintiff's motion to amend the complaint. Plaintiff's motion for leave to amend his complaint is granted.

### III. CONCLUSION

The Court grants Plaintiff's motion for leave to amend his complaint. By May 12, 2022, Plaintiff shall file the proposed amended complaint as a separately docketed entry.

Date: May 9, 2022

Lisa A. Jensen
United States Magistrate Judge

---

*Muggie & Sons, LLC v. Hammon Plating Corp.*, 16-CV-05908-LHK, 2017 WL 5451755, at *4 (N.D. Cal. Nov. 14, 2017); *MW Builders, Inc. v. Fire Protec. Group, Inc.*, 16-2340-JAR, 2017 WL 3994884, at *3 (D. Kan. Sept. 7, 2017); *Summerville v. Gregory*, CIV.A. 14-7653 KM, 2015 WL 4623515, at *3 (D.N.J. Aug. 3, 2015); *Lauren v. PNC Bank, N.A.*, 2:14-CV-0230, 2014 WL 1884321, at *3 (S.D. Ohio May 12, 2014).